OFFICE OF DISCIPLINARY COUNSEL *v.* SOPKOVICH.

[Cite as *Disciplinary Counsel v. Sopkovich* (1996), 75 Ohio St.3d 192.]

(No. 95–1199—Submitted November 14, 1995—Decided March 5, 1996.)

*Geoffrey Stern,* Disciplinary Counsel, and *Alvin E. Mathews,* Assistant Disciplinary Counsel, for relator.

*Richards & Meola* and *Charles L. Richards,* for respondent.

*Per Curiam.* We find that the findings of the board are well supported by the record and that the sanctions imposed are appropriate.

Respondent has admitted that she violated DR 9–102(A), which states: "All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated * * *." However, respondent contends that she never commingled Debner's funds with her own.

Respondent repeatedly violated DR 1–102(A)(4). This provision of the Code of Professional Responsibility states: "A lawyer shall not * * * [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The record demonstrates several instances of deception perpetrated by the respondent. Respondent withdrew attorney fees from the guardianship account that she was not entitled to receive. Also, in her filing of January 22, 1992, respondent failed to report to the probate court the $2,022.57 in interest that she had received on behalf of Debner.

What concerns this court most about respondent's misconduct is that it appears to have been perpetrated as a part of an effort to misrepresent the financial status of Debner to the Department of Human Services. Respondent apparently

withdrew the funds from Debner's accounts to make it appear that Debner had few assets and was, thus, qualified to receive public assistance. In a letter of April 13, 1992 to the Trumbull County Department of Human Services, respondent claimed that "[a]lthough [Debner] has $1,800.00 in assets, $500.00 of that amount is encumbered for past due administrative costs." Noticeably absent from this summary of Debner's assets is a discussion of the large sums of cash that respondent admits she was keeping on Debner's behalf. This scheme of misrepresentation merits stern sanctions.

Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, one year of the suspension is stayed on the condition that during the two years no disciplinary complaints against respondent are certified to the board by a probable cause panel. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would order a one-year suspension with six months stayed.