**[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 192.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. SOPKOVICH.

[Cite as *Disciplinary Counsel v. Sopkovich*, 1996-Ohio-218.]

*Attorneys at law—Misconduct—Two-year suspension with one-year stayed on condition no disciplinary complaints are certified to Board of Commissioners on Grievances and Discipline during the two-year period—Misrepresenting financial statutes of a client to Department of Human Services to qualify client for public assistance—Failure to maintain client's funds in a fiduciary account.*

(No. 95-1199—Submitted November 14, 1995—Decided March 5, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-69.

———————————

{¶ 1} Relator, Office of Disciplinary Counsel, charged respondent, Carol A. Sopkovich of Warren, Ohio, Attorney Registration No. 16795, with violations of DR 1-102(A)(4) and 9-102(A). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court (the "board") heard the matter on February 13 and March 6, 1995.

{¶ 2} According to evidence submitted at the hearing and stipulations, in October 1989, the Probate Court of Trumbull County appointed Carol A. Sopkovich, respondent, as guardian for the estate of Camilla Debner. Respondent assumed responsibility for Debner's financial assets which amounted to $2,830.09.

{¶ 3} On May 31, 1991, respondent received a check from the Ohio Department of Commerce, issued to respondent on Debner's behalf, representing funds that had been unclaimed and transferred to the state. The check was for $11,428.75, consisting of $9,406.38 in principal and $2,022.37 in interest.

Respondent deposited the check into Debner's guardianship bank account and immediately withdrew the interest amount of $2,022.37.

{¶ 4} On June 4, 1991, respondent filed a motion to approve attorney fees with the probate court. This motion included a statement of services rendered from October 12, 1988 through May 7, 1991. On the same day, without authorization from the probate court, respondent wrote a check payable to herself from the Debner guardianship bank account in the amount of $1,425. Respondent indicated "partial fees" on the memorandum line of the check. Respondent received these funds and failed to maintain them in a fiduciary account.

{¶ 5} On June 6, 1991, respondent made a cash withdrawal in the amount of $1,000 from the Debner guardianship bank account. This withdrawal was not authorized by the probate court. Respondent received these funds and failed to maintain them in a fiduciary account.

{¶ 6} On September 11, 1991, respondent wrote check payable to herself in the amount of $400 from the Debner guardianship bank account. Respondent received these funds and failed to maintain them in a fiduciary account.

{¶ 7} On September 12, 1991, the Trumbull County Probate Court issued an order approving attorney fees in the amount of $2,575.50. On September 18, 1991, respondent wrote a check payable to herself in the amount of $1,000 from the Debner guardianship bank account. Respondent received these funds and failed to maintain them in a fiduciary account.

{¶ 8} On November 29, 1991, respondent wrote a check payable to herself in the amount of $1,500 from the Debner guardianship bank account. Respondent received these funds and failed to maintain them in a fiduciary account.

{¶ 9} On January 22, 1992, respondent filed a guardian account with the Trumbull County Probate Court. In this document, respondent reported funds, assets and investments consisting of $500 in personal property, $328.37 and $1,500 in separate fiduciary accounts, and $3,650 that she characterized as "cash assets

checking." Respondent did not report the receipt of the $2022.37 in interest, nor did she enumerate the disbursements she had received from the Debner guardianship bank account.

{¶ 10} On June 2, 1995, the panel unanimously concluded that respondent had violated DR 9-102(A) and 1-102(A)(4). The panel unanimously recommended that respondent be suspended from the practice of law for two years with one year stayed on a probationary basis. The board adopted the panel's findings and agreed with the panel's recommended sanction.

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Richards & Meola* and *Charles L. Richards*, for respondent.

_____

*Per Curiam.*

{¶ 11} We find that the findings of the board are well supported by the record and that the sanctions imposed are appropriate.

{¶ 12} Respondent has admitted that she violated DR 9-102(A), which states, "All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated * * *." However, respondent contends that she never commingled Debner's funds with her own.

{¶ 13} Respondent repeatedly violated DR 1-102(A)(4). This provision of the Code of Professional Responsibility states, "A lawyer shall not * * * [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

{¶ 14} The record demonstrates several instances of deception perpetrated by the respondent. Respondent withdrew attorney fees from the guardianship account that she was not entitled to receive. Also, in her filing of January 22, 1992, respondent failed to report to the probate court the $2022.57 in interest that she had received on behalf of Debner.

**{¶ 15}** What concerns this court most about respondent's misconduct is that it appears to have been perpetrated as a part of an effort to misrepresent the financial status of Debner to the Department of Human Services. Respondent apparently withdrew the funds from Debner's accounts to make it appear that Debner had few assets and was, thus, qualified to receive public assistance. In a letter of April 13, 1992 to the Trumbull County Department of Human Services, respondent claimed that "[a]lthough [Debner] has $1,800.00 in assets, $500.00 of that amount is encumbered for past due administrative costs." Noticeably absent from this summary of Debner's assets is a discussion of the large sums of cash that respondent admits she was keeping on Debner's behalf. This scheme of misrepresentation merits stern sanctions.

**{¶ 16}** Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, one year of the suspension is stayed on the condition that during the two years no disciplinary complaints against respondent are certified to the board by a probable cause panel. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., WRIGHT, RESNICK and PFEIFER, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would order a one-year suspension with six months stayed.

_____